UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| VERDELL KENNEDY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-43-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| CURT STALLARD, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiff Verdell Kennedy, Jr., is an inmate confined at the Pike County Detention Center in Pikeville, Kentucky. Kennedy has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 2] The Court has granted his motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915 by prior order. Having reviewed the Complaint,[1] the Court must dismiss his claims under the Eighth Amendment for deliberate indifference to his serious medical needs and relating to outdoor exercise because his allegations fail to state a claim.

**I.**

In his Complaint, Kennedy indicates that on May 8, 2009, he was arrested on drug trafficking charges and placed in the Harlan County Jail as a pretrial detainee. Kennedy alleges

---

[1] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

that at the time of his booking jail staff did not inquire into his medical condition or history nor give him a comprehensive medical examination. On January 7, 2010, Kennedy was convicted of the drug trafficking offense and sentenced to a four-year term of incarceration.

On January 28, 2010, Kennedy completed a Medical Request Form in which he requested a complete physical, blood testing, and a "diabetic evaluation." Kennedy also noted pain in his left shoulder and right ankle. The January 29, 2010, staff notes in response indicate that Kennedy had verbally requested surgery on his shoulder and ankle but that staff responded that such medical procedures could not be performed at that facility. In the Comments section of the form, staff further responded that the testing requested would not be provided, and that "we are only obligated to take care of life threatening situations."

On February 2, 2010, Michael Coomer of the Kentucky Department of Corrections ("KDOC") wrote Kennedy to advise him that because a complete physical was not necessary to provide him with adequate medical care, it would only be provided if Kennedy voluntarily bore the expense. Coomer likewise stated that unless the jail's medical staff determined that surgery on Kennedy's shoulder and ankle were medically necessary, such elective surgery would have to be deferred until after Kennedy's release from incarceration.[2]

On January 28, 2010, Kennedy filed a formal grievance with the jail complaining that he was being denied outdoor recreation. Kennedy asserted that this was contrary to the policy of the Kentucky Department of Corrections, which indicates that inmates should receive at least one

---

[2] Federal law requires a prisoner to exhaust available administrative remedies before filing suit with respect to prison conditions. 42 U.S.C. § 1997e(a). While Kennedy did not exhaust his grievance with respect to his medical care in accordance with the procedures established by KDOC's Corrections Policies and Procedures ("CPP") 15.6, it is unclear whether those provisions are applied to Class D felons housed in county jails under KRS 532.100(4). *See* CPP 15.6(III). The Court therefore rests its decision on other grounds.

hour per day for outdoor recreation. That grievance was denied the next day as presenting a non-grievable issue.

## II.

With respect to Kennedy's claim that Harlan County Detention Center's failure to provide him with regular outdoor exercise violates his constitutional rights, the Sixth Circuit long ago concluded otherwise. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. October 30, 2003) (*citing Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir.1995) (Eighth Amendment does not require any minimum amount of outdoor exercise). This claim therefore fails as a matter of law. Nor does the jail's asserted failure to follow KDOC policy state a viable constitutional claim. *Sandin v. Conner*, 515 U.S. 472 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("state law, by itself, cannot be the basis for a federal constitutional violation.").

With respect to Plaintiff's claim regarding the adequacy of the medical care he has received, the Court notes that Plaintiff has not made any allegation that he has suffered any discernible injury resulting from the detention center's refusal to provide him with a comprehensive physical examination. Such an omission, particularly in light of 42 U.S.C. § 1997e(e)'s "physical injury" requirement, undermines the viability of such a claim. Apart from the absence of such an allegation, the fact that the detention center does not provide initial or periodic medical examinations does not state an Eighth Amendment claim. *Tunnell v. Robinson*, 486 F.Supp. 1265, 1271 (W.D. Pa.1980). This is not to say that prison staff may ignore the legitimate medical concerns of a prison with a known ailment, whether pre-existing or not, without risking civil liability. *See Jackson v. Fauver*, 334 F. Supp. 2d 697, 712 (D.N.J. 2004) (denying defendants' motion for summary judgment in light of expert's opinion that prison staff

failed to properly monitor and control diabetic prisoner's blood sugar level resulting in irreversible heart and kidney damage). But unless prison officials fail or refuse to respond reasonably to an identifiable, concrete medical need, there is no basis for liability. Finally, absent evidence that the surgeries Kennedy desires to have performed are medically necessary, as opposed to merely elective, the inability of the prison to provide the surgery is not, of itself, grounds to find an Eighth Amendment violation. *Cf. Iniguez v. Chief Medical Officer, San Quentin State Prison*, 2002 WL 31750217, at *3 (N.D. Cal. 2002)

### III.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate Judgment.

This the 12th day of April, 2010.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**